UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ALEXANDER DE ARMAS MARTINEZ

   Plaintiff,

vs.

WALMART, INC.,

   Defendant.
_____/

### NOTICE OF REMOVAL OF STATE COURT ACTION

1.  Plaintiff filed a Complaint against the above named Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled: ALEXANDER DE ARMAS MARTINEZ V. WALMART, INC., Case Number CACE-20-010244.

2.  In this Complaint, Plaintiff claims, inter alia, that he has been damaged due to the negligence of the Defendant.

3.  Further, Plaintiff is seeking damages in excess of $75,000.00. The basis for this information includes a detailed demand letter sent by Plaintiff prior to filing suit seeking "full policy limits." (Defendant is self-insured in part with a $1,000,000 policy of insurance). Rather than a bare unsupported $1,000,000 demand, plaintiff specifically alleges ankle and neck injuries the treatment for which is alleged to include surgical repair of the right ankle and itemized medical expenses alone of $101,531.36. As these expenses are alleged to result from the subject incident, the alleged damages clearly exceed $75,000.00, irrespective of any other potential damages typically sought in cases of this nature, including compensation for pain and suffering and lost wages.

4. As such, Plaintiff's Complaint gives rise to diversity of jurisdiction, pursuant to 28 U.S.C.A. Sec. 1332, and the Defendant seeks removal to the United States District Court for the Southern District of Florida.

## FEDERAL DIVERSITY JURISDICTION

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to the Court by Defendant pursuant to the provisions of 28 U.S.C. 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. A defendant may properly remove an action from state court and avail itself of the federal court system in any civil action of which the district courts of the United States have diversity jurisdiction pursuant to the provisions of 28 U.S.C. 1441. Id.

### A. Diversity of Citizenship

7. Plaintiff, ALEXANDER DE ARMAS MARTINEZ , now and at all times material to the Complaint, is and was a Florida citizen, domiciled in Broward County, Florida. Defendant is a corporation organized and existing pursuant to the laws of the **State of Delaware**, with its principal place of business in the **State of Arkansas**, and is therefore deemed to be a citizen of the **State of Arkansas** or the **State of Delaware** pursuant to 28 U.S.C. 1332(c)(1). For removal purposes, "a corporation is a citizen of any State in which it is incorporated and the State, which is its principle place of business."

### B. Amount In Controversy

8. Defendant, as the party invoking federal jurisdiction, carries the burden of "proving to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." In re Rezulin Products Liability Litigation, 133 F.Supp2d 272 (S.D.N.Y. 2001). On the

other hand, "the focus of defendants' efforts need not be whether the plaintiff is likely to secure an amount greater than $75,000.00. Rather, the focus is on the claim, and while plaintiffs are the master of its claim whose monetary demand is to be accorded deference, a plaintiffs' claim must be made in good faith." Id. As set forth in paragraph 3 and incorporated herein, plaintiff is clearly alleging damages in excess of $75,000.

9. The original Complaint was served on June 30, 2020. Pursuant to 28 U.S.C. § 1446(b), this notice has been filed within 30 days of Defendant having adequate notice of a basis for removal and less than one year has passed since the filing of the original Complaint. Attached hereto as **Composite Exhibit "A"** is a copy of all papers filed to date in the State Court proceedings.

10. Written notice of the filing of this notice has been furnished to Plaintiff.

11. A copy of this Notice has been filed with the Clerk of the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida.

WHEREFORE, Defendant, WALMART, INC., respectfully requests this Court to assume original jurisdiction and grant this Notice for Removal.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that we electronically filed the foregoing document with the

Page 4

Clerk of the Court using CM/ECF this 29th day of July, 2020 on all counsel of record on service list below.

> LUKS, SANTANIELLO, PETRILLO & COHEN
> Attorneys for Defendant
> 110 S. E. 6th Street
> 20th Floor
> Fort Lauderdale, FL  33301
> Telephone:  (954) 761-9900
> Facsimile:  (954) 761-9940
>
> By:     */s/ David A. Lipkin*
>      DANIEL J. SANTANIELLO
>      Florida Bar No.: 860948
>      DAVID A. LIPKIN
>      Florida Bar No.:  968463
>      LUKSFLL-Pleadings@LS-Law.com

**SERVICE LIST**
COUNSEL FOR PLAINTIFF
Nadine Figueroa, Esquire
Jimmy De La Espriella, Esquire
Law Offices of Jimmy De La Espriella
2151 Le Jeune Road, Suite 305
Coral Gables, FL 33134
(305) 665-1167
Nadine@jdlelaw.com
Jimmy@jdlelaw.com
service@jdlelaw.com