# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting <u>data</u> pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Alexander De Armas Martinez</u>
Plaintiff
       vs.
<u>Walmart, Inc.</u>
Defendant

---

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>99,999,999</u>

**III.   TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☒ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
- ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation
- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

\*\*\* FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN, CLERK 06/23/2020 12:46:52 PM.\*\*\*\*

# COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

IV.     REMEDIES SOUGHT (check all that apply):
       ☒ Monetary;
       ☐ Non-monetary declaratory or injunctive relief;
       ☐ Punitive

V.     NUMBER OF CAUSES OF ACTION:
       (Specify)

       1

VI.     IS THIS CASE A CLASS ACTION LAWSUIT?
       ☐ Yes
       ☒ No

VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
       ☒ No
       ☐ Yes – If "yes" list all related cases by name, case number and court:

VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?
       ☒ Yes
       ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:    s/ Jimmy De La Espriella
              Attorney or party
FL Bar No.:   0031515
              (Bar number, if attorney)
             Jimmy De La Espriella
             (Type or print name)
   Date:    06/23/2020

# RETURN OF SERVICE

State of Florida      County of Broward      Circuit Court

Case Number: CACE-20-010244

Plaintiff:
**ALEXANDER DE ARMAS MARTINEZ,**

vs.

Defendant:
**WALMART, INC.,**

For:
Nadine Figueroa
Law Offices Of Jimmy de la Espriella

Received by DLE PROCESS SERVERS, INC. on the 29th day of June, 2020 at 11:30 am to be served on **Walmart, Inc. Registered Agent: Ct Corporation System, 1200 South Pine Island Rd, Plantation, FL 33324.**

I, Ira Smith, do hereby affirm that on the **30th day of June, 2020** at **1:40 pm**, I:

SERVED the within named corporation by delivering a true copy of the **Civil Action Summons, Request For Production, Interrogatories and Complaint.** at the address of **1200 South Pine Island Rd, Plantation, FL 33324** with the date and hour endorsed thereon by me to, **MONICKA MYRICK, INTAKE SPECIALIST** as an employee of the Registered Agent listed with the Florida Division of Corporation, pursuant to F.S. 48.081 (3)(a).

**Description** of Person Served: Age: 25, Sex: F, Race/Skin Color: BLACK, Height: 5'8, Weight: 130, Hair: BLACK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served and have proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true, to the best of my knowledge and belief F.S. 92.525 Verification of documents.

Ira Smith
SPS #1569

DLE PROCESS SERVERS, INC.
1750 Coral Way
Suite 300
Miami, FL 33145
(786) 220-9705

Our Job Serial Number: DLE-2020026221

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ALEXANDER DE ARMAS MARTINEZ,　　　　　　　CASE NO.

　　　Plaintiff,

v.

WALMART, INC.,

　　　Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ALEXANDER DE ARMAS MARTINEZ, by and through undersigned counsel, and sues Defendant, WALMART, INC. (herein after referred to as "WALMART") and allege:

### GENERAL ALLEGATOINS

1.　　This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars excluding interest, attorney's fees and costs, which is within the jurisdiction of the Court in accordance with Fla. Stat. Section 26.012.

2.　　That all times material herein, Plaintiff, ALEXANDER DE ARMAS MARTINEZ, was and is a resident of Broward County, Florida and is *sui juris*.

3.　　That at all times material herein, WALMART was and is a Foreign Profit Corporation authorized to do business in the State of Florida.

4.　　All of the acts and/or omissions complained of herein occurred in Broward County, Florida and thus venue is proper in accordance with Fla. Stat. §47.011.

5.　　On or about September 2, 2019, WALMART was in possession and/or control of a property located at 301 South State Road 7 Hollywood, Broward County, Florida 33023.

6.　　That on September 2, 2019, Plaintiff, ALEXANDER DE ARMAS MARTINEZ, was lawfully on the subject property as an invitee/patron.

7. On or about September 2, 2019, WALMART by and through its agents, employees, and/or servants, had exclusive dominion, possession and/or control of the premises.

## COUNT I – NEGLIGENCE AGAINST WALMART

Plaintiff, ALEXANDER DE ARMAS MARTINEZ, hereinafter reaffirms and re-alleges each and every allegation contained in the General Allegations, as if fully set forth herein and further alleges as follows:

8. WALMART owed a non-delegable duty to Plaintiff, ALEXANDER DE ARMAS MARTINEZ, to maintain its premises, including but not limited to, the grocery aisles, in a reasonably safe condition so that invitees, such as the Plaintiff, would not be endangered or injured by the use of its premises.

9. On or about September 2, 2019, WALMART, by and through its agents, employees, and or servants, negligently and/or carelessly failed to maintain the above-mentioned premises in a reasonably safe condition by committing one or more of the following acts of negligence or omissions:

A. By allowing a plastic label holder to remain on the ground for an unreasonable period of time thus, creating a slipping hazard for its customers;

B. By failing to inspect and/or correct a dangerous condition on the floor/ground of WALMART's premises;

C. By negligently maintaining the floor of the grocery aisles so as to allow the dangerous condition to exist for an unreasonable period of time;

D. By negligently failing to delineate and/or warn Plaintiff, ALEXANDER DE ARMAS MARTINEZ, or other invitees on the premises, of the dangerous condition located on the floor/ground of WALMART's premises;

E. By negligently failing to remove the subject plastic label holder from the

ground which created a slipping hazard for invitees such as Plaintiff, ALEXANDER DE ARMAS MARTINEZ; and/or

F.  By negligently failing to conduct a proper inspection of the subject premises which would have discovered dangerous conditions, such as the subject plastic label holder on the ground.

10. WALMART had a duty to maintain the subject premises in a reasonably safe and proper condition for the general public and the class of people to which Plaintiff, ALEXANDER DE ARMAS MARTINEZ, is a member.

11. WALMART was negligent in creating or permitting the aforementioned dangerous and hazardous condition to remain on the floor/ground, rendering WALMART's premises dangerous and unsafe for Plaintiff.

12. WALMART either knew or should have known of the existence of the dangerous condition and should have taken steps to warn Plaintiff, ALEXANDER DE ARMAS MARTINEZ.

13. WALMART failed to warn Plaintiff, ALEXANDER DE ARMAS MARTINEZ, of the aforementioned condition and the risks involved in as much as the presence of Plaintiff, ALEXANDER DE ARMAS MARTINEZ, was known or reasonably foreseeable to Defendant.

14. Plaintiff, ALEXANDER DE ARMAS MARTINEZ, neither knew nor should have known of the dangerous condition and risk, and Plaintiff exercised reasonable care.

15. WALMART actually created or knew of the existence of the unsafe condition, or in the alternative, allowed it to exist for a sufficient length of time such as that a reasonable inspection would have disclosed it.

16. As a result of the aforementioned acts of negligence or omissions, Plaintiff, ALEXANDER DE ARMAS MARTINEZ, was caused to fall and sustain serious personal injuries.

17. That as a result of WALMART's negligence, Plaintiff, ALEXANDER DE ARMAS MARTINEZ, suffered bodily injury and resulting pain and suffering; disability; disfigurement; physical impairment; mental anguish; loss of capacity for the enjoyment of life; expense of hospitalization; medical and nursing care and treatment; loss of earnings; loss of ability to earn money; and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff, ALEXANDER DE ARMAS MARTINEZ, will suffer the losses in the future.

WHEREFORE, based on the above and foregoing, Plaintiff, ALEXANDER DE ARMAS MARTINEZ, demand judgment against WALMART for damages, costs of this action, trial by jury and all other damages recoverable by law.

DATED June 23, 2020.

**LAW OFFICES OF JIMMY DE LA ESPRIELLA**
Attorneys for Plaintiffs
2151 Le Jeune Road, Suite 305
Coral Gables, Florida 33134
Tel:   (305) 665-1167
Fax:   (305) 381-0215
Email: service@jdlelaw.com

By: /s/ Nadine Figueroa
**NADINE FIGUEROA**
Florida Bar No.: 635121
Nadine@jdlelaw.com
**JIMMY DE LA ESPRIELLA**
Florida Bar No.: 31515
Jimmy@jdlelaw.com